UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LYLE WELLS | ) | |
| | ) | Case Number |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| WEST ASSET MANAGEMENT, INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Lyle Wells, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Lyle Wells, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Lyle Wells, is an adult natural person residing at 11160 Jollyville Road, Apartment 438, Austin TX 78759.

5. Defendant, West Asset Management, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Texas and the State of New Jersey with its principal place of business located at 11801 Miracle Hills Drive, Omaha NE 68154 and a registered office located at 830 Bear Tavern Road, Trenton NJ 08628.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around the end of May 2009, Plaintiff was notified by his mortgage broker that Defendant had placed two (2) negative accounts, relating to alleged medical debts, on his credit report.

8. On or about May 27, 2009, Plaintiff contacted Defendant in regards to the previously mentioned alleged medical debts. Plaintiff reached Defendant's agent, Liz.

9. Plaintiff offered to pay the alleged debts in full if Defendant would remove the negative information from his credit report. Plaintiff explained that he had been unaware of these alleged debts, was in the midst of purchasing a home and did not wish to have that process negatively impacted by the existence of the accounts placed on Plaintiff's credit report by Defendant.

10. Defendant's agent, Liz stated that they might be able to help Plaintiff but that he would have to speak to a supervisor. Liz transferred Plaintiff to Defendant's agent Shannon, a supervisor.

11. Defendant's agent, Shannon proceeded to tell Plaintiff how much money she made, berated him for not paying the alleged debts while in the emergency room saying that "she would have done so" and called Plaintiff a "loser".

12. Defendant's agent, Shannon stated to Plaintiff that "just because you are **white trash**, doesn't mean you don't have to pay your bills".

13. Defendant's agent, Shannon refused Plaintiff's reasonable requests to pay the debt in full in exchange for deletion of the negative information.

14. The negative information continues to remain on Plaintiff's credit report, his credit score dropped by 100 points and he was refused the mortgage he was seeking.

15. To date, Plaintiff has not received the Validation Rights Notice, which the FDCPA requires to be communicated with the consumer within five (5) days of initial contact.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692d, d(2), e, e(7), e(8), e(10), e(11), f and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, West Asset Management, Inc., for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: June 19, 2009     BY:     /s/ *Brent F. Vullings*
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff